Clerk's copy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WALLACE ROBERSON,

Applicant,

v.

No. CIV-98-1299 MV/DJS

CHARLES CRANDELL, et al.,

Respondents.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court to consider Applicant's response to the order of November 4, 1998, in which the Court raised *sua sponte* Applicant's failure to exhaust state court remedies, *Steele v. Young*, 11 F.3d 1518, 1523 n.10 (10th Cir. 1993), and required Applicant to show cause why his application for writ of habeas corpus should not be dismissed. Applicant does not allege that he has exhausted state court remedies, and, for the reasons below, the application will be dismissed.

Applicant is serving a prison term under a New Mexico state conviction. At the time the application was filed, he had been transferred to an Arizona facility. Applicant does not attack his conviction or sentence; rather, he claims that the New Mexico judicial system lost jurisdiction and his conviction became a nullity when he was transferred him to Arizona. The application, which seeks Applicant's unconditional release, is properly brought under 28 U.S.C. § 2254 even though it does not attack Applicant's conviction or sentence. *Giles v. Merrill*, 322 F.2d 786 (10th Cir. 1963); *see Beshaw v. Fenton*, 635 F.2d 239, 241 n.2 (3rd Cir. 1980) (§ 2254 is proper statutory basis

for petition brought by state prisoner challenging transfer).

In his response to the show cause order, Applicant argues that no effective state court remedies are available to adjudicate his underlying claim that the interstate contract by which he was transferred was not properly executed by New Mexico authorities and is in violation of New Mexico statutes. He claims exhaustion is not required because the application raises exclusively federal issues. He also claims the U.S. District Court in Arizona questioned, but did not rule on, the legality of his transfer and excessively delayed the adjudication of Applicant's claims. As a result, he would be prejudiced by dismissal.

As a starting point, the exhaustion requirement is "based on principles of comity; exhaustion is not jurisdictional." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). Under § 2254(b)(1)(A), exhaustion is expressly required before the writ may issue, even if the application does not directly challenge the conviction or sentence. *Giles*, 322 F.2d at 787; *Beshaw*, 635 F.2d at 241 n.2; *Steele*, 11 F.3d at 1523 (claim of " 'systematic scheme' " in state courts to deny due process "could have, and should have, [been] brought...in state court"); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (exhaustion is precondition to relief under § 2241 in extradition or pre-conviction proceeding); *and cf. United States ex rel. Sero v. Preiser*, 506 F.2d 1115, 1130 (2d Cir. 1974) (exhaustion requirement applies in class-action habeas proceeding challenging substantive juvenile sentencing provisions).

These rules of exhaustion defeat Applicant's arguments in his response. The claim that the transfer contract violates state law must be presented first to the state courts. *Giles*, 322 F.2d at 786-87; *Beshaw*, 635 F.2d at 241 n.2. And even assuming for purposes of this opinion that the application raises exclusively federal issues, such questions must also be submitted first to the state

courts. *Steele*, 11 F.3d at 1523; *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights."). Applicant's argument that the federal court in Arizona delayed adjudication of his claims is not pertinent to the requirement that he first present the claims in state court, and his prejudice argument is utterly unsupported by factual allegations. Exhaustion will not be excused on these grounds.

Applicant's second argument, that exhaustion should be excused because he was "given up to a foreign jurisdiction," is likewise unavailing. Under § 2254(b)(1)(B)(i), exhaustion may be excused if no state remedies are available to a habeas petitioner. "If the state has no court to which he can turn, the provisions of 28 U.S.C. § 2254 do not deprive him of federal habeas corpus." *Ryan v. Tinsley*, 316 F.2d 430, 431 (10th Cir. 1963). Applicant does not allege, however, that he has pursued state remedies, and " '[i]neffectiveness' of state relief cannot be established if no attempt is made to obtain that relief." *Whiteley v. Meacham*, 416 F.2d 36, 39 (10th Cir. 1969) (quoting *Morehead v. California*, 339 F.2d 170, 171 (9th Cir. 1964)), *rev'd on other grounds sub nom. Whiteley v. Warden*, 401 U.S. 560 (1971). The Court will not presume that the state courts of New Mexico are unavailable to a nonresident petitioner or are incompetent to adjudicate his claims. *Steele*, 11 F.3d at 1523. The application will be dismissed.

IT IS THEREFORE ORDERED that Applicant's application for writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED without prejudice for failure to exhaust state court remedies, and this proceeding is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE

3